IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHANNA CHAPMAN<br>5 Granite Ln.<br>Willingboro, NJ 08046<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONTEMPORARY STAFFING<br>SOLUTIONS, INC.<br>161 Gaither Drive, Suite 210<br>Mt. Laurel, NJ 08054<br>　　　　And<br>PHH MORTGAGE CORPORATION<br>1 Mortgage Way<br>Mt. Laurel, NJ 08054<br><br>　　　　　　Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Johanna Chapman (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Contemporary Staffing Solutions, Inc. and PHH Mortgage Corporation (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981) and the New Jersey Law Against Discrimination ("NJ LAD").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff has filed racial discrimination and retaliation claims under Title VII with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff intends to amend her complaint to include racial discrimination and retaliation claims under Title VII once such claims have been administratively exhausted with the EEOC and the

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where they are subjected to personal jurisdiction, rendering Defendant resident of the District of New Jersey.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is a black, African-American female.

7. Defendant Contemporary Staffing Solutions, Inc. (*hereinafter* "Defendant CSS") is a staffing/recruiting agency located at the above-captioned address.

---

EEOC issues a right-to-sue letter. Any claims under Title VII would mirror Plaintiff's Section 1981 and NJ LAD claims (as discussed *supra*).

2

8. Defendant PHH Mortgage Corporation (*hereinafter* "Defendant PHH") is a corporation, located at the above-captioned address engaging in the business of providing residential mortgage services for real estate companies, investment firms, banks, credit unions, and relocation professionals in the United States.

9. Plaintiff was placed by Defendant CSS to work within Defendant PHH, and although Plaintiff was hired and paid through Defendant CSS, Plaintiff was treated in all functional respects like an employee while working within Defendant PHH. Defendants' management had the ability to manage Plaintiff, discipline Plaintiff, give directive to Plaintiff, and make decisions regarding Plaintiff's employment. Plaintiff was permitted to address her work concerns with Defendants' management and was obligated to follow the policies of Defendants. Thus, for the foregoing reasons, Defendants may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a black (African-American) female.

13. Plaintiff was placed by Defendant CSS to work within Defendant PHH, and although Plaintiff was hired and paid through Defendant CSS, Plaintiff was treated in all functional respects like an employee while working within Defendant PHH.

3

14. Plaintiff was employed with Defendant PHH for a period of five (5) months as a reporting representative engaging in credit disputes.

15. Plaintiff had previous assignments with Defendant CSS prior to Defendant PHH; however, this was her first assignment with Defendant PHH.

16. While employed jointly with Defendants, Plaintiff was subjected discriminatory harassment and disparate treatment because of her race by Defendant PHH's management, including but not limited to Jennifer Kane - Caucasian (Supervisor).

17. For example, unlike Plaintiff's non-black co-workers, she was treated in a rude and condescending manner, belittled, and had policies selectively enforced against her.

18. For instance, Plaintiff was reprimanded for using her cell phone for a very brief moment at work; however, Plaintiff's Caucasian co-worker (Stephanie Minker) would use her cell phone during work constantly for personal reasons and was never noticeably disciplined for same (even though Defendant PHH's management was present to witness Minker's cell phone use.).

19. By way of further example, Respondent PHH's alleged internet policy was also selectively enforced against Plaintiff and not against her non-black co-workers.

20. In close proximity to Plaintiff's termination from Defendants, she complained to Defendant PHH's management, including but not limited to Kane, that she was being singled out and targeted because of her race and that she wanted the same to cease.

21. Kane did not properly investigate or resolve Plaintiff's concerns of race discrimination and instead sent Plaintiff an e-mail documenting alleged concerns that she had with Plaintiff's supposed cell phone and internet use during work.

22. Promptly following Plaintiff's complaint of racial discrimination (discussed *supra*), Defendant PHH's management called Plaintiff into a meeting and terminated her employment.

23. Right before her termination from Defendant PHH, Plaintiff was in the process of being made a permanent employee (as she was assured at the beginning of her assignment with Defendant PHH that such assignment was a temporary to permanent position).

24. On or about October 20, 2016, during Plaintiff's termination meeting with Defendant PHH's management, including but not limited to Kane and Susan Macciocca (Caucasian), Kane informed Plaintiff that because Plaintiff "[didn't] like the people that work at [Defendant PHH]" and because Plaintiff "[didn't] think [Kane] was a good supervisor" Defendant PHH decided that it was not going to make her a permanent employee and that it was terminating her contract.

25. After learning that her contract with Defendant PHH had been terminated, Plaintiff called Respondent CSS and informed them she had complained of racial discrimination occurring within Defendant PHH and that she believed that her termination from Defendant PHH was discriminatory and in retaliation for complaining of racial discrimination to Defendant PHH's management.

26. During the previous occasions that Plaintiff had worked with Defendant CSS, Defendant CSS responded very quickly to Plaintiff and had offered her other assignments when her previous assignments had ended; however, since informing Defendant CSS that she believed the termination of her assignment from Defendant PHH was discriminatory and retaliatory, Respondent CSS has ignored Plaintiff and has not provided her or offered her any other assignments (despite her efforts to contact Defendant CSS about same).

## Count I
### Violations of 42 U.S.C. § 1981
(Race Discrimination & Retaliation & Hostile Work Environment)
-Against Defendant PHH-

27. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28. Plaintiff was subjected to a hostile work environment during her period of employment with Defendant PHH due to her race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

29. Defendant PHH's management's harassment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent she had to complain to high level managers in advance of her termination from Defendant PHH.

30. Despite Plaintiff's complaints of race discrimination, Defendant PHH's management failed to properly investigate or resolve her complaints of discrimination.

31. Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was promptly terminated.

32. Upon information and belief, Plaintiff was terminated from Defendant PHH because of her race and/or because she complained of race discrimination occurring within Defendant.

33. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the 42 U.S.C. §1981.

## Count II
### Violations the New Jersey Law Against Discrimination ("NJ LAD")
(Race Discrimination & Retaliation & Hostile Work Environment)
-Against Defendant PHH-

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff was subjected to a hostile work environment during her period of employment with Defendant PHH due to her race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

36. Defendant PHH's management's harassment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent she had to complain to high level managers on in advance of her termination from Defendant PHH.

37. Despite Plaintiff's complaints of race discrimination, Defendant PHH's management failed to properly investigate or resolve her complaints of discrimination.

38. Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was promptly terminated.

39. Upon information and belief, Plaintiff was terminated from Defendant PHH because of her race and/or because she complained of race discrimination occurring within Defendant.

40. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the NJ LAD.

## Count III
### Violations of 42 U.S.C. § 1981
(Retaliation)
-Against Defendant CSS-

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Plaintiff was placed by Defendant CSS to work within Defendant PHH (in a temporary to permanent position).

43. Plaintiff had previous assignments with Defendant CSS prior to Defendant PHH.

44. After learning that her contract with Defendant PHH had been terminated, Plaintiff called Respondent CSS and informed them that she had complained of racial discrimination occurring within Defendant PHH and that she believed her termination from Defendant PHH was discriminatory and in retaliation for complaining of racial discrimination.

45. During the previous occasions that Plaintiff had worked with Defendant CSS, Defendant CSS responded very quickly to Plaintiff and had offered her other assignments when her previous assignments ended; however, since informing Defendant CSS that she believed the termination of her assignment from Defendant PHH was discriminatory and retaliatory, Respondent CSS has ignored Plaintiff and has not provided her or offered her any other assignments.

46. Plaintiff believes and therefore aver that she has been terminated from Defendant CSS and not offered any other assignments through Defendant CSS (despite her efforts to contact Defendant CSS for same) because of her complaints of racial discrimination

47. These actions as aforesaid constitute unlawful retaliation under the 42 U.S.C. §1981.

**Count IV**
**Violations of New Jersey Law Against Discrimination ("NJ LAD")**
(Retaliation)
-Against Defendant CSS-

48. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49. Plaintiff was placed by Defendant CSS to work within Defendant PHH (in a temporary to permanent position).

50. Plaintiff had previous assignments with Defendant CSS prior to Defendant PHH.

51. After learning that her contract with Defendant PHH had been terminated, Plaintiff called Respondent CSS and informed them that she had complained of racial discrimination occurring within Defendant PHH and that she believed her termination from Defendant PHH was discriminatory and in retaliation for complaining of racial discrimination.

52. During the previous occasions that Plaintiff had worked with Defendant CSS, Defendant CSS responded very quickly to Plaintiff and had offered her other assignments when her previous assignments ended; however, since informing Defendant CSS that she believed the termination of her assignment from Defendant PHH was discriminatory and retaliatory, Respondent CSS has ignored Plaintiff and has not provided her or offered her any other assignments.

53. Plaintiff believes and therefore aver that she has been terminated from Defendant CSS and not offered any other assignments through Defendant CSS(despite her efforts to contact Defendant CSS for same) because of her complaints of racial discrimination

54. These actions as aforesaid constitute unlawful retaliation under the NJ LAD

9

WHEREFORE, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 8, 2017